```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA


GLENN C. CHISAR,               )
                               )
        Petitioner,             )
                               )
             v.                )    Civil Action No. 05-218
                               )    JUDGE LANCASTER
JOHN PALAKOVICH, et al.        )    MAGISTRATE JUDGE CAIAZZA
                               )
        Respondents.           )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed by Glenn C. Chisar be dismissed because it was filed untimely. It is likewise recommended that a certificate of appealability be denied.

### II. REPORT

This is a Petition for Writ of Habeas Corpus filed by a state prisoner, Glenn C. Chisar ("the Petitioner" or "Chisar"), who is serving a sentence of one to five years imprisonment imposed on August 15, 2001, for a violation of probation stemming from a 1995 conviction for Receiving Stolen Property and related offenses. Chisar did not timely file an appeal following the imposition of sentence, but instead filed a Petition for Time Credit on October 2, 2002, and a Motion for Modification of Sentence on October 17, 2002. He then filed a Notice of Appeal in

the Pennsylvania Superior Court on March 27, 2003, which was quashed on June 13, 2003 because it was filed untimely. See Doc. 10, Commonwealth Ex.20. The Superior Court noted that the time for filing an appeal expired thirty days after the imposition of sentence in August, 2001. See id.

Chisar then filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA")on August 5, 2003. See 42 Pa. Cons. Stat. Ann. § 9541, *et seq.* Counsel was then appointed to represent the Petitioner but he subsequently withdrew his appearance. Chisar's PCRA Petition was denied on February 27, 2004 because it was filed out of time. See id., Commonwealth Ex.25. Chisar failed to file an appeal from the judgment which denied his request for PCRA relief. Next, the Petitioner filed a Petition for Writ of Habeas Corpus in state court on March 9, 2004; his request for relief was denied on March 31, 2004. Chisar then filed an appeal and the Superior Court affirmed the decision of the state court on February 1, 2005. See id., Commonwealth Ex. 28.

Chisar's federal habeas petition was filed in this court on February 18, 2005. Based on a claim of double jeopardy, the Petitioner now asserts that the sentence imposed in August, 2001 was improper. He argues that he was not given credit for time served prior to the 2001 probation revocation sentence.  The

Commonwealth has responded to the petition and asserts that Chisar's federal habeas petition was not filed in a timely manner. See Doc. 10.

In analyzing whether a petition for writ of habeas corpus has been timely filed under the new one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period. See 28 U.S.C. § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute. See 28 U.S.C. § 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or whether the doctrine of equitable tolling are applicable to the facts of a given case.

Here, the record reflects that Chisar's right to file a direct appeal from the judgment of sentence expired in September, 2001. Consequently, his conviction became final at that time. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(recognizing that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review -including the time limit (ninety days) for filing a writ of *certiorari* in the Supreme Court). Chisar's federal habeas petition was not received

in this court until February 18, 2005, more than four years after his conviction became final and more than three years after the expiration of the limitations period.

The next inquiry is whether Chisar can take advantage of the "tolling" provision in the statute. See 28 U.S.C. § 2244(d)(2). Here, Chisar did not file his PCRA petition until August 5, 2003. At that time the limitations period had already expired. Tolling, therefore, is not an issue in this case. Also, nothing in the record indicates that Chisar is entitled to take advantage of any of the other exceptions to the one-year limitations period. Specifically, he has failed to show that his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. See 28 U.S.C. §2254(d)(1)(C-D). Further, there is no indication that the doctrine of equitable tolling should be applied here.[1]

---

1. The one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." See Miller, 145 F.3d at 618-19 (internal citations, quotations, and punctuation omitted). The record does not reflect any

Finally, Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability has been issued.  A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the district court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Applying this standard to the instant case, the court concludes that jurists of reason would not find it

---

extraordinary circumstances beyond Chisar's control that account for his failure to have filed his habeas petition in a timely manner.

debatable that the Petitioner did not file his habeas petition within the one-year limitations period.  Accordingly, a certificate of appealability should be denied

### III   CONCLUSION

It is respectfully recommended that the instant petition for writ of habeas corpus be dismissed as untimely and that a certificate of appealability likewise be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza
FRANCIS X. CAIAZZA
UNITED STATES MAGISTRATE JUDGE

Dated:  August 11, 2005

```
cc:  Glenn C. Chisar, ET-3125
     SCI Smithfield
     1120 Pike Street
     P.O. Box 999
     Huntingdon, PA 16652


     Rebecca D. Spangler, Esquire
     Assistant District Attorney
     401 Allegheny County Courthouse
     Pittsburgh, PA 15219
```